UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WOO JEON CORPORATION,

                      Plaintiffs,

v.

COVINGTON HOLDINGS, LLC,
WEBSTER BANK and
DOES 1 THROUGH 10,

                      Defendants.

---

FILED APR 23 2008 USDC WP SDNY

NOTICE OF REMOVAL

Docket No.:

**08 CIV. 3850**

**JUDGE SPRIZZO**

---

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§1441, 1332, and 1446, the action entitled *WOO JEON CORPORATION v. COVINGTON HOLDINGS, LLC, WEBSTER BANK and DOES 1 THOUGH 10,* commenced in the Supreme Court of the State of New York for the County of New York, Index Number 600960/08, is removed by Defendant Webster Bank, N.A., (improperly named in Plaintiff's Summons and Complaint as 'Webster Bank'), from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York by the filing of this Notice of Removal with the Clerk of the United States District Court for the Southern District of New York.

Defendant, Webster Bank, N.A. ("Webster"), by and through its attorneys, Goldberg Segalla LLP, respectfully state the following as grounds for removing this action:

1. Webster removes this action to this Court pursuant to the provisions of 28 U.S.C. §§1441 1332, and 1446.

2. Webster will comply with the requirements of Local Rule 81.1(b) by causing copies of all records and proceedings in the State Court action to be filed with the Clerk of the Court for the SDNY.

3. On or about April 2, 2008, Plaintiff commenced this action against Defendants by filing a summons and complaint in the Office of the Clerk of New York, copies of which are attached hereto as Exhibit A.

4. This Notice of Removal is filed under 28 U.S.C. §§1441 and 1332 on the grounds that there is diversity of citizenship between the parties, and that the amount in controversy satisfies the Court's minimum jurisdictional threshold.

5. Plaintiff, upon information and belief, is a citizen of a foreign country.

6. Webster is a National Association organized under the laws of the United States and with a principal place of business in Waterbury, Connecticut.

7. Upon information and belief, Co-Defendant, Covington Holdings, LLC is, a limited liability company organized in the State of Georgia and maintains its principal place of business in New York.

8. By virtue of the foregoing, diversity of citizenship exists between Plaintiff and Defendants.

9. Webster's Notice of Removal is filed within 30 days of receiving, on or about April 2, 2008, a copy of the Complaint.

10. A copy of the written notice required by 28 U.S.C. §1446(d), addressed to Plaintiff as the adverse party, to Co-Defendant, Covington Holdings, LLC, and to the Clerk of the Supreme Court, New York County, is attached as Exhibit B, and will be filed in the New York County Clerk's Office and served on counsel for Plaintiff after the filing of this Notice of Removal in the United States District for the Southern District of New York.

11. Upon information and belief, Plaintiff's claims arise out of alleged breach of contract by Defendants in allegedly failing to pay for certain goods and materials.

**WHEREFORE**, Defendant Webster removes this action, currently docketed in the New York State Supreme Court, New York County, Index No. 600960/08 to the United States District Court for the Southern District of New York and requests that the United States District Court for the Southern District of New York assume jurisdiction over the entirety of this action and preclude any further proceedings in the New York State Supreme Court.

Dated:  Buffalo, New York
        April 22, 2008

                                    GOLDBERG SEGALLA LLP

                                    _____
                                    Jeffrey A. Carlino
                                    *Attorneys for Defendant-Webster Bank, N.A.*
                                    665 Main Street, Suite 400
                                    Buffalo, New York 14203
                                    Telephone: (716) 566-5400

TO:  Gilbert A. Lazarus, Esq.
     Lazarus & Lazarus, P.C.
     *Attorneys for Plaintiff*
     240 Madison Avenue, 8th Floor
     New York, New York 10016

     Covington Holdings, LLC
     386 Park Avenue South
     New York, New York 10016

384841.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served via United States Mail, by depositing a true copy thereof in a depository under the exclusive control and custody of the US Postal Service, upon:

> Gilbert A. Lazarus, Esq.
> Lazarus & Lazarus, P.C.
> *Attorneys for Plaintiff*
> 240 Madison Avenue, 8th Floor
> New York, New York 10016
>
> Covington Holdings, LLC
> 386 Park Avenue South
> New York, New York 10016

_____
JEFFREY A. CARLINO, ESQ. (JC5703)

4/2/2008
2:00pm
R.Lin Br. 01
Main Office

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
WOO JEON CORPORATION

　　　　　　　　　　　　　　　　　　　　　　　　　　Index No.: 600960/08

　　　　　　　　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　　　　　SUMMONS   4/2/08

　　-against-

COVINGTON HOLDINGS, LLC,
WEBSTER BANK and DOES 1 THROUGH 10

　　　　　　　　　　　　　　　　　　　　　　NEW YORK
　　　　　　　　　　　　　　　　　　　　　COUNTY CLERKS OFFICE

　　　　　　　　　　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　　　　　APR 02 2008
-----------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　　　NOT COMPARED
　　　　　　　　　　　　　　　　　　　　　　　WITH COPY FILE

*TO THE ABOVE NAMED DEFENDANT:*

　　*YOU ARE HEREBY SUMMONED* to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.


Dated:　　　New York, New York
　　　　　　March 27, 2008


Defendants' addresses:

Covington Holdings, LLC　　　　　　　　　　LAZARUS & LAZARUS, P.C.
386 Park Avenue South　　　　　　　　　　Attorneys for Plaintiff
New York, New York, 10016

　　　　　　　　　　　　　　　　　　　　By: _____
Webster Bank
145 Bank Street　　　　　　　　　　　　　Gilbert A. Lazarus (GL-1025)
Waterbury, CT, 06702　　　　　　　　　　240 Madison Avenue, 8th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10016
　　　　　　　　　　　　　　　　　　　　(212) 889-7400


A TRUE COPY ATTEST
Michele VonEisengrein
Private Process Server

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
WOO JEON CORPORATION

Index No.: 600960/08
4/2/08

Plaintiff,

COMPLAINT

-against-

COVINGTON HOLDINGS, LLC,
WEBSTER BANK and DOES 1 THROUGH 10

Defendants.
---------------------------------------------------------------X

Woo Jeon Corporation ("Plaintiff" or "Woo Jeon"), by its undersigned counsel, Lazarus & Lazarus, P.C., complaining of Defendants, Covington Holdings, LLC ("Covington") Webster Bank ("Webster Bank") and Does 1 through 10 (Covington, Webster Bank and Does 1 through 10 are sometimes collectively referred to as "Defendants"), as and for its Complaint, respectfully shows this Court and alleges as follows:

## INTRODUCTION

1. That at all times hereinafter mentioned Plaintiff was and still is a foreign corporation with a place of business located at Somerset Place No. 65 Susong-Dong Jongno - Gu Seoul, Korea.

2. That, upon information and belief, at all times hereinafter mentioned, Covington was and still is a Connecticut limited liability corporation with a place of business in the County of New York, State of New York, located at 386 Park Avenue South, New York, New York.

3. Upon information and belief, Webster Bank was and still is engaged in

business as a banking institution with offices located in the State of New York.

4. Upon information and belief, Does 1 through 10 (whose names Plaintiff is unable to determine at this time) are officers, directors, employees and/or other representatives of Covington and Webster Bank.

## FIRST CAUSE OF ACTION

5. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint herein marked and numbered 1 through 4 in the same manner and with the same force and effect as if hereinafter set forth at length.

6. From on or about November, 2007 to February, 2008, Plaintiff sold and delivered certain goods and merchandise to, or on behalf of, Covington and rendered invoices to Covington, at the agreed price and reasonable value of $409,526.16 (the "Invoices").

7. Demand has been made for the sum of $409,526.16 but the same has not been paid and there is now due and owing from Covington the sum of $409,526.16, together with interest.

## SECOND CAUSE OF ACTION

8. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint herein marked and numbered 1 through 7 in the same manner and with the same force and effect as if hereinafter set forth at length.

9. Covington owes Plaintiff $409,526.16 for goods and merchandise sold and accepted by Covington as set forth in the Invoices.

10. Demand has been made for the sum of $409,526.16 and there is now due and owing to Plaintiff from Covington the sum of $409,526.16, together with interest.

### THIRD CAUSE OF ACTION

11. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint herein marked and numbered 1 through 10 in the same manner and with the same force and effect as if hereinafter set forth at length.

12. From on or about November, 2007 to February, 2008, Plaintiff and Covington entered into a series of contracts, pursuant to which Plaintiff sold and delivered to Covington goods and merchandise having the reasonable value and agreed price of $409,526.16 which sum Covington, pursuant to the contracts, promised and agreed to pay (the "Contracts").

13. Plaintiff has performed all parts of the Contracts on its part to be performed.

14. Covington has breached the Contracts in that Covington has not paid for the goods and merchandise sold and delivered under the Contracts and owes Plaintiff $409,526.16, together with interest.

### FOURTH CAUSE OF ACTION

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint herein marked and numbered 1 through 14 in the same manner and with the same force and effect as if hereinafter set forth at length.

16. Some of the invoices presented by Plaintiff to Covington, in accordance

with the Contracts, will become due and payable on various dates from March 31, 2008 through to and including May, 2008.

17. Notwithstanding the pending invoices, Covington has repudiated its Contracts with Plaintiff, and has indicated by its conduct to Plaintiff that it does not intend to pay the amounts due and owing Plaintiff.

18. By the reason of the foregoing, Covington has repudiated and breached its Contracts with Plaintiff.

19. By reason of the foregoing, Plaintiff is entitled to a judgment against Covington in the amount of $79,245.72, together with interest.

### FIFTH CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint herein marked and numbered 1 through 19 in the same manner and with the same force and effect as if hereinafter set forth at length.

21. From the commencement the Plaintiff's business relationship with Covington through to or on about 2006, all sales were conducted on "open terms", meaning that Plaintiff's product would be delivered to Covington on agreed-upon credit terms and that Covington would pay for such product at the expiration of the credit term.

22. Since the product sold by Plaintiff to Covington was being imported into the United States, Plaintiff would deliver the original documents (invoice, bill of lading, packing list, and visa invoice) (the "Original Sale Documents") directly to Covington. Covington, in turn, would use the Original Sale Documents to effectuate the release of the product from

customs.

23. In late 2006, as a result of Covington's deteriorating financial condition, the nature of Plaintiff's transactions with Covington changed dramatically.

24. To minimize its financial exposure, Plaintiff and Covington agreed that all future transactions would no longer be on "open terms" but through bank guarantees issued by Webster Bank.

25. Under this new arrangement, the Original Sale Documents were no longer delivered directly to Covington. Instead, they were delivered to Webster Bank.

26. Webster Bank, in turn, was authorized to release the Original Sale Documents to Covington only after it had issued an "acceptance" to Plaintiff and/or Plaintiff's bank ("Banker's Acceptances").

27. As officers, directors, employees and/or representatives of Webster Bank and Covington, Does 1 through 10, at all times relevant, had actual and direct knowledge of the financial condition of Covington, and of any and all business decisions by and between Covington and Webster Bank relating to the payment obligations of Covington to Plaintiff and the potential sale of Covington's business and/or assets of the business to a third party.

28. With respect to the goods and merchandise subject to the Invoices and/or Contracts, Does 1 through 10 (by each issuance, or authorization of such issuance, of a Banker's Acceptance, and by each release of the Original Sale Documents) represented to Plaintiff at the time Webster Bank issued, and/or authorized the issuance of, the Banker's Acceptance and at the time

Webster Bank released the Original Sale Documents to Covington, that Woo Jeon would be paid for the goods and merchandise and it was on the basis of these assurances and representations that Woo Jeon authorized the continued shipment of goods and merchandise subject of the Invoices and Contracts in the period from November, 2007 to February, 2008.

29. Upon information and belief, at the time Covington ordered the goods subject of the Invoices and Contracts, Does 1 through 10 knew Covington would not be able to, and did not intend to, pay for the goods and merchandise subject of the Invoices and Contracts.

30. Upon information and belief, at the time Webster Bank issued, and/or authorized the issuance of, the Banker's Acceptances and released the Original Sale Documents to Covington, Does 1 through 10 knew, or should have known, that neither Covington nor Webster Bank, would pay for the goods subject of the Woo Jeon Invoices and Contracts and that the goods and merchandise ordered and delivered in connection therewith would be sold to a third party with the proceeds delivered to, or on behalf of, Webster Bank.

31. Because of the similar prior transactions in the past where payment was made, Woo Jeon's reliance on the representations of Does 1 through 10 was reasonable.

32. Upon information and belief, such representations of Does 1 through 10 were knowingly false when made.

33. Upon information and belief, Does 1 through 10 knew that neither Covington nor Webster Bank would pay for the goods shipped under the

Woo Jeon Invoices and Contracts.

34. Upon information and belief, Does 1 through 10 made the representations for the purpose of inducing Woo Jeon to continue to ship goods and merchandise to Covington.

35. By reason of the conduct described above, Woo Jeon has been damaged in the sum of $488,772.58, together with interest and punitive damages in an amount to be determined.

### SIXTH CAUSE OF ACTION

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint herein marked and numbered 1 through 35 in the same manner and with the same force and effect as if hereinafter set forth at length.

37. By issuing, and/or authorizing the issuance of, the Banker's Acceptances and delivering the Original Sale Documents to Covington, Webster Bank was obligated to pay Plaintiff for the goods and merchandise sold and delivered to Covington.

38. By reason of the above, Webster Bank is indebted to Plaintiff in the sum of $488,772.58, together with interest.

### SEVENTH CAUSE OF ACTION

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint herein marked and numbered 1 through 38 in the same manner and with the same force and effect as if hereinafter set forth at length.

40. Upon information and belief, prior to the commencement of this action,

B.  $409,526.16 on the Second Cause of Action together with interest.

C.  $409,526.16 on the Third Cause of Action together with interest.

D.  $79,245.79 on the Fourth Cause of Action together with interest.

E.  $488,772.58 on the Fifth Cause of Action together with interest and punitive damages in an amount to be determined.

F.  $488,772.58 on the Sixth Cause of Action together with interest.

G.  $488,772.58 on the Seventh Cause of Action together with interest.

H.  Such other and further relief as this Court deems just and proper, including, but not limited to, the costs and disbursements incurred by Plaintiff.

Respectfully submitted this 27th day of March, 2008.

LAZARUS & LAZARUS, P.C.

By:_____
Gilbert A. Lazarus, [GAL-1025]
Attorneys for the Plaintiff Woo Jeon Corporation
240 Madison Avenue, 8th Flr.
New York, NY, 10016
(212) 889-7400

A TRUE COPY ATTEST
Michele VonEisengrein
Private Process Server

>
> Webster Bank and Covington entered into a financing relationship pursuant to which Webster Bank extended to Covington certain loans and other financial accommodations, including, but not limited to, the issuance of Banker's Acceptances to various Covington vendors, including but not limited to, Plaintiff.

41. Upon information and belief, it was expressly understood that by issuing Banker's Acceptances and releasing Original Sale Documents to Covington, Webster Bank was guaranteeing payment of Covington's obligations to Woo Jeon.

42. As the intended beneficiary of the Banker's Acceptances issued by Webster Bank for the goods and merchandise sold and delivered under and pursuant to the Invoices and Contracts, Woo Jeon has an enforceable interest.

43. Webster Bank knew that Woo Jeon was the intended beneficiary of the financial accommodations between Covington and Webster Bank regarding the Banker's Acceptances, and was aware of the specific right and expectation of Woo Jeon to have Webster Bank pay Woo Jeon for all invoices for which Webster Bank issued the Banker's Acceptances.

44. By reason of the above, Webster Bank is indebted to Plaintiff in the sum of $488,772.58, together with interest.

WHEREFORE Plaintiff, WOO JEON CORPORATION, respectfully demands judgment against the Defendants, COVINGTON HOLDINGS, LLC, WEBSTER BANK, and DOES 1 THROUGH 10, as follows:

  A. $409,526.16 on the First Cause of Action together with interest.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
WOO JEON CORPORATION

                                                                Index No.:

                    Plaintiff,


                -against-


COVINGTON HOLDINGS, LLC,
WEBSTER BANK and DOES 1 THROUGH 10

                    Defendants.
------------------------------------------------------------X


## SUMMONS AND COMPLAINT


LAZARUS & LAZARUS, P.C.
Attorneys for the Plaintiff Woo Jeon Corporation
240 Madison Avenue, 8th Flr.
New York, NY, 10016
(212) 889-7400


To                                   Service of a copy of the within is hereby admitted.

                                      Dated:..............................................


Attorney(s) for                        ..............................................

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

WOO JEON CORPORATION,

                Plaintiff,

v.

COVINGTON HOLDINGS, LLC,
WEBSTER BANK, and
DOES 1 THROUGH 10,

                Defendants.

**NOTICE OF FILING OF NOTICE OF REMOVAL**

Index No.: 600960/08

---

TO:    Gilbert A. Lazarus, Esq.
        Lazarus & Lazarus, P.C.
        240 Madison Avenue, 8th Floor
        New York, New York 10016

        Clerk of New York County
        New York County Courthouse
        60 Centre Street, Room 161
        New York, New York 10007

        Covington Holdings, LLC
        386 Park Avenue South
        New York, New York 10016

**PLEASE TAKE NOTICE THAT,** a true copy of the Notice of Removal filed in the Office of the Clerk of the United States District Court for the Southern District of New York on April 23, 2008 is attached as **Exhibit A.**

Dated: Buffalo, New York
      April 22, 2008

                                          GOLDBERG SEGALLA LLP

                                          Jeffrey A. Carlino
                                          *Attorneys for Defendant-Webster Bank, N.A.*
                                          665 Main Street, Suite 400
                                          Buffalo, New York 14203
                                          Telephone: (716) 566-5405

384855.1