UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WOO JEON CORPORATION,

Plaintiff,

vs.

COVINGTON HOLDINGS, LLC,
WEBSTER BANK and DOES 1 THROUGH 10,

Defendants.

**ANSWER**

Civil No.: 08-CV-3850

---

Defendant, WEBSTER BANK, NA ("Webster"), incorrectly named as "WEBSTER BANK", by its attorneys, Goldberg Segalla LLP, as and for its Answer to Plaintiff's Complaint, states as follows:

1.    Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.    Upon information and belief, Covington Holdings, LLC ("Covington") is a Delaware LLC; admits that Covington previously maintained a place of business in New York, but lacks knowledge and information whether it is ongoing as alleged in Paragraph 2 of Plaintiff's Complaint.

3.    Admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    Insofar as Does 1 through 10 have not been sufficiently identified to enable a proper inquiry by Webster or, upon information and belief, served process and made parties to this action, Webster lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     Repeats and realleges each of the foregoing responses as if more fully set forth herein.

6.     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     Repeats and realleges each of the foregoing responses as if more fully set forth herein.

9.     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Repeats and realleges each of the foregoing responses as if more fully set forth herein.

12.     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Repeats and realleges each of the foregoing responses as if more fully set forth herein.

16.    Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    Repeats and realleges each of the foregoing responses as if more fully set forth herein.

21.    Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.    Denies that Webster ever agreed to guaranty payment to Plaintiff, and lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    Admits that at certain times, certain sale documents were delivered by Plaintiff to Webster, and denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.    Admits that Webster was authorized by Plaintiff and/or Plaintiff's bank to release documents to Covington upon the occurrence of certain conditions, namely, upon Webster's presentation of such documents to Covington and Covington's trade acceptance thereof, and denies that Webster issued, authorized, or ever agreed to issue any Banker's Acceptance to Plaintiff as alleged in Paragraph 26 of Plaintiff's Complaint.

27.    Insofar as Does 1 through 10 have not been sufficiently identified to enable a proper inquiry by Webster or, upon information and belief, served process and made parties to this action, Webster lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.    Insofar as Does 1 through 10 have not been sufficiently identified to enable a proper inquiry by Webster or, upon information and belief, served process and made parties to this action, Webster lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Complaint.  Notwithstanding, Webster denies that it ever issued or ever authorized issuance of any Banker's Acceptance to Plaintiff, denies that Webster made any representations to Plaintiff that Plaintiff would be paid for any goods or merchandise delivered to Covington, denies that Plaintiff relied upon any of the alleged authorizations, assurances, or representations, and denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.    Insofar as Does 1 through 10 have not been sufficiently identified to enable a proper inquiry by Webster or, upon information and belief, served process and made parties to this action, Webster lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.    Insofar as Does 1 through 10 have not been sufficiently identified to enable a proper inquiry by Webster or, upon information and belief, served process and made parties to this action, Webster lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Complaint.  Notwithstanding, Webster denies that it issued or authorized issuance of any Banker's Acceptances, denies any obligation of Webster to pay for Plaintiff's goods, and denies knowledge or information sufficient to form a belief as to Covington's intent to pay for any such goods.

31.    Insofar as Does 1 through 10 have not been sufficiently identified to enable a proper inquiry by Webster or, upon information and belief, served process and made parties to this action, Webster lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiff's Complaint.  Notwithstanding, Webster denies similar prior transactions, representations, or that Plaintiff's reliance was reasonable as alleged in Paragraph 31 of Plaintiff's Complaint.

32.    Insofar as Does 1 through 10 have not been sufficiently identified to enable a proper inquiry by Webster or, upon information and belief, served process and made parties to this action, Webster lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiff's Complaint.  Notwithstanding, Webster denies similar prior transactions, representations, or that Plaintiff's reliance was reasonable as alleged in Paragraph 32 of Plaintiff's Complaint.

33.    Insofar as Does 1 through 10 have not been sufficiently identified to enable a proper inquiry by Webster or, upon information and belief, served process and made parties to this action, Webster lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiff's Complaint.   Notwithstanding, Webster

admits that it did not intend to pay Plaintiff for its goods because Webster had no obligation or duty to do so as alleged in Paragraph 33 of Plaintiff's Complaint.

34.    Insofar as Does 1 through 10 have not been sufficiently identified to enable a proper inquiry by Webster or, upon information and belief, served process and made parties to this action, Webster lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiff's Complaint. Notwithstanding, Webster denies making the alleged representations or inducing Plaintiff to ship goods to Covington as alleged in Paragraph 34 of Plaintiff's Complaint.

35.    Denies each and every allegation contained in Paragraph 35 of Plaintiff's Complaint.

36.    Repeats and realleges each of the foregoing responses as if more fully set forth herein.

37.    Denies each and every allegation contained in Paragraph 37 of Plaintiff's Complaint.

38.    Denies each and every allegation contained in Paragraph 38 of Plaintiff's Complaint.

39.    Repeats and realleges each of the foregoing responses as if more fully set forth herein.

40.    Lacks knowledge or information sufficient to form a belief as to Plaintiff's definition of "financial accommodations", and denies the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Denies that Webster issued any Banker's Acceptances or had any understanding with Plaintiff in that regard, denies guaranteeing payment of Covington's obligations to Plaintiff, and denies the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Denies each and every allegation contained in Paragraph 42 of Plaintiff's Complaint.

43.     Lacks knowledge or information sufficient to form a belief as to Plaintiff's definition of "financial accommodations", denies issuing or authorizing the issue of any Banker's Acceptances, and denies the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Denies each and every allegation contained in Paragraph 44 of Plaintiff's Complaint.

45.     Denies each and every allegation of Plaintiff's Complaint not herein before specifically admitted, denied or otherwise controverted.

### AS AND FOR WEBSTER'S
### FIRST AFFIRMATIVE DEFENSE

46.     Plaintiff has sued the wrong entity, and its Complaint must be dismissed.

### AS AND FOR WEBSTER'S
### SECOND AFFIRMATIVE DEFENSE

47.     Plaintiff has failed to state a cause of action against Webster upon which relief can be granted.

### AS AND FOR WEBSTER'S
### THIRD AFFIRMATIVE DEFENSE

48.     At no time did Webster agree to pay or guaranty payment of any obligations owed by Covington to Plaintiff.

## AS AND FOR WEBSTER'S
### FOURTH AFFIRMATIVE DEFENSE

49.    Plaintiff's claims against Webster must fail for lack of consideration.

## AS AND FOR WEBSTER'S
### FIFTH AFFIRMATIVE DEFENSE

50.    Plaintiff's claims against Webster must be barred by the doctrines of waiver, estoppel and laches.

## AS AND FOR WEBSTER'S
### SIXTH AFFIRMATIVE DEFENSE

51.    Plaintiff lacks privity of contract with Webster.

## AS AND FOR WEBSTER'S
### SEVENTH AFFIRMATIVE DEFENSE

52.    Plaintiff was not an intended beneficiary of any agreement between Webster and Covington.

## AS AND FOR WEBSTER'S
### EIGHTH AFFIRMATIVE DEFENSE

53.    Plaintiff lacks a basis to recover punitive damages.

## AS AND FOR WEBSTER'S
### NINTH AFFIRMATIVE DEFENSE

54.    Webster cannot be held liable for any conduct of Does 1 through 10, if any, to the extent that such conduct exceeded the scope of such individual's agency with Webster, if any.

## AS AND FOR WEBSTER'S
### TENTH AFFIRMATIVE DEFENSE

55.    Webster reserves the right to assert any additional affirmative defenses as may be appropriate based upon the facts or issues disclosed during the course of additional investigation and discovery.

WHEREFORE, Webster demands judgment as follows:

A.    Dismissing Plaintiff's Complaint in its entirety; and

B.    For such other and further relief as this Court deems just and proper, together with costs and disbursements herein.

Dated: Buffalo, New York
May 23, 2008

GOLDBERG SEGALLA LLP

_____/s/ Jeffrey A. Carlino_____
Jeffrey A. Carlino (Bar Roll No.: 514019)
*Attorneys for Defendant Webster Bank, NA*
665 Main Street, Suite 400
Buffalo, New York 14203
Telephone: (716) 566-5400
jcarlino@goldbergsegalla.com

TO:    Gilbert A. Lazarus, Esq.
Lazarus & Lazarus, P.C.
*Attorneys for Plaintiff*
240 Madison Avenue, 8th Floor
New York, NY  10016
Telephone: (212) 889-7400

393762

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

WOO JEON CORPORATION,

                          Plaintiff,

    vs.                                          Civil No.:  08-CV-3850

COVINGTON HOLDINGS, LLC,
WEBSTER BANK and DOES 1 THROUGH 10,

                          Defendants.
_____

### CERTIFICATE OF SERVICE

    I hereby certify that on **May 23, 2008**, I electronically filed the foregoing *Answer* with
the Clerk of the United States District Court, Southern District of New York using the CM/ECF
system, which sent notification of the filing to the following:

> Gilbert A. Lazarus, Esq.
> Lazarus & Lazarus, P.C.
> *Attorneys for Plaintiff*
> 240 Madison Avenue, 8th Floor
> New York, NY  10016
> Telephone: (212) 889-7400


                          GOLDBERG SEGALLA LLP


                          _____/s/ Jeffrey A. Carlino_____
                          Jeffrey A. Carlino (Bar Roll No.: 514019)
                          *Attorney for Defendants*
                          665 Main Street, Suite 400
                          Buffalo, New York 14203
                          Telephone: (716) 566-5400
                          jcarlino@goldbergsegalla.com